NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ALLIED NEVADA GOLD CORP. SECURITIES LITIGATION, _____ ANDREY SLOMNITSKY, on behalf of himself and all others similarly situated, Plaintiff-Appellant, v. SCOTT A. CALDWELL; et al., Defendants-Appellees. | No. 17-17110 D.C. No. 3:14-cv-00175-LRH-WGC MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted November 15, 2018
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and KORMAN,** District
Judge.

**1.** The district court erred in holding that plaintiff failed to adequately allege

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

falsity and scienter under the Private Securities Litigation Reform Act. Where, as here, falsity and scienter are "strongly inferred from the same set of facts," we may "incorporate[] the dual pleading requirements of 15 U.S.C. §§ 78u-4(b)(1) and (b)(2) into a single inquiry," asking "whether particular facts in the complaint, taken as a whole, raise a strong inference that defendants intentionally or [with] deliberate recklessness made false or misleading statements to investors." *Ronconi v. Larkin*, 253 F.3d 423, 429 (9th Cir. 2001) (internal quotation marks omitted). We hold that the second amended complaint in this case does give rise to such an inference.

We recognize that "[h]onest optimism followed by disappointment is not the same as lying or misleading with deliberate recklessness." *Id.* at 432. But statements of opinion may be actionably false where investors "identify particular (and material) facts going to the basis for the issuer's opinion—facts about the inquiry the issuer did or did not conduct or the knowledge it did or did not have— whose omission makes the opinion statement at issue misleading to a reasonable person reading the statement fairly and in context." *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1332–33 (2015); *see also City of Dearborn Heights v. Align Tech., Inc.*, 856 F.3d 605, 616 (9th Cir. 2017) ("Although *Omnicare* concerned Section 11 claims, we conclude that the Supreme Court's reasoning is equally applicable to Section 10(b) and Rule 10b-5

claims.").

Here, plaintiff adequately alleged that defendants possessed knowledge during the class period that left them with no basis for their optimistic statements regarding production, finances, and the company's expansion plans. For example, plaintiff offered allegations from former employees that serious operating difficulties due to a condition known as "blinding" were obvious early on in the class period, resulting in liquid pouring out of the side of the leach pad. One former employee also stated that early in the class period, at least one defendant was present at "daily meetings" during which the nature and gravity of those permeation issues were discussed. Plaintiff further alleged that the company sought permission from regulators for an extensive drilling program to investigate and possibly remediate the permeation issues—issues defendants had known about for months. And yet, when asked about the biggest risk factor that might jeopardize the company's ability to meet its financial guidance, just one day before the company formally sought permission for the drilling program, the company's executive vice president and COO expressed confidence in the company's operations, and omitted any reference to the drilling program. Defendants argue that they were unaware of the nature and extent of the issues that rendered their statements overly optimistic in hindsight, but assessing the allegations holistically, the complaint gives rise to an inference of scienter that is "cogent and at least as

compelling as any opposing inference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007).

**2.** The district court erred in holding that plaintiff failed to adequately allege loss causation. The court held that plaintiff failed to allege that the drop in the company's stock price corresponding to the August 6 disclosure was caused by that disclosure, rather than by the drop in the price of gold at that time. The court noted that the company's stock price actually rose—along with the price of gold—after the company's partial disclosure on July 22. But the district court's conclusion ignores the relative magnitudes of the stock and gold price fluctuations. The stock decline after the August 6 disclosure was far out of proportion to the corresponding drop in the price of gold on that date, as compared to stock declines corresponding to gold-price drops on other dates throughout the class period. Additionally, the volume of trading on August 6 and 7 far exceeded the volume of trading on any other days for which there is data in the record, even though the drop in the price of gold on August 6 was not the largest drop in the price of gold throughout that period. Thus, while the price of gold may have been a contributing factor, plaintiff has adequately alleged that the August 6 disclosure was at least "one substantial cause" of the stock decline at that time. *In re Daou Systems, Inc.*, 411 F.3d 1006, 1025 (9th Cir. 2005).

**REVERSED and REMANDED.**

*Slomnitsky v. Caldwell*, No. 17-17110

WATFORD, Circuit Judge, dissenting:

I believe the district court correctly concluded that plaintiff failed to plead falsity and scienter with the particularity required by the Private Securities Litigation Reform Act.  I would therefore affirm the judgment.